UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SIT N' STAY PET SERVICES, INC.,     **REPORT AND RECOMMENDATION**

      Plaintiff,     17-CV-00116-LJV-JJM

v.

CARRIE HOFFMAN D/B/A KELSEY'S
SIT AND STAY D/B/A KELSEY'S SIT,
PLAY & STAY,

      Defendant.
_____

    Before the court is defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) for lack of subject matter jurisdiction [6],[1] along with plaintiff's request for sanctions (plaintiff's Memorandum of Law [9], pp. 20-21), which have been referred to me for a Report and Recommendation [7]. Having reviewed the parties' submissions [6, 9, 10], I recommend that the defendant's motion and plaintiff's request both be denied.

**DISCUSSION**

    Only a brief discussion of the facts is necessary. Plaintiff seeks recovery under the Lanham Act (15 U.S.C. §1125(a)) and state law for alleged infringement of its unregistered trademark. Complaint [1]. It bases subject matter jurisdiction over the federal claims on 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338, and supplemental jurisdiction over the state law claims on 28 U.S.C. §1367(a). Id., ¶¶5, 6. In moving to dismiss the Complaint, defendant argues that plaintiff "has failed to meet the required standard of establishing that its claims arise out of federal law or raise a substantial federal question. As a result, the Plaintiff has failed to meet its

---

[1]   Bracketed references are to the CM/ECF docket entries.

initial burden of establishing that the Court has subject matter jurisdiction". Defendant's Memorandum of Law [6-1], p. 12.

In considering this motion, I bear in mind that defendant has moved under Rule 12(b)(1) and not Rule 12(b)(6) (failure to state a claim for relief), which involves different considerations. Courts may not "collaps[e] the distinction between failing to raise a substantial federal question for jurisdictional purposes and failing to state a claim for relief on the merits". Gallego v. Northland Group Inc., 814 F.3d 123, 126 (2d Cir. 2016). "We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only wholly insubstantial and frivolous claims implicate the former." Shapiro v. McManus, ___U.S.___, 136 S. Ct. 450, 455 (2015). "Absent such frivolity, the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." Id. at 456.

Therefore, in order to obtain dismissal under Rule 12(b)(1), defendant must demonstrate that plaintiff's claims are "essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit". Gallego, 814 F.3d at 126. "[T]he adverbs in those formulations [are] no mere throwaways; the limiting words 'wholly' and 'obviously' have cogent legal significance" (id.), and "[u]nless a claim fails to clear even that low bar . . . the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction". Id. at 126-27. For example, while finding that the plaintiff "fail[ed] to state a claim", the court in Gallego noted that his theories were not "obviously frivolous", and concluded that because the claims "meet the very low threshold required to support federal-question jurisdiction, despite their ultimate lack of merit, the district court has jurisdiction to address them on the merits." 814 F.3d at 127–28.

Although plaintiff suggests that I "could restructure the Motion as being both a request for dismissal for lack of jurisdiction and a failure to state a claim" (plaintiff's Memorandum of Law [9], p. 6 of 21), defendants did not move for dismissal under Rule 12(b)(6), and "[g]enerally, courts should not raise *sua sponte* nonjurisdictional defenses not raised by the parties". Acosta v. Artuz, 221 F.3d 117, 122 (2d Cir. 2000). Therefore, the question of whether or not plaintiff's jurisdictional allegations and arguments could withstand a motion for dismissal under Rule 12(b)(6) or 12(c) is not before me at this time, and I express no opinion in that regard. For present purposes, suffice it to say that I do not find plaintiff's position to be so "essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit" to warrant dismissal under Rule 12(b)(1).

However, it is not unreasonable to anticipate that defendant will next move to dismiss for failure to state a claim upon which relief can be granted, since many of its arguments raised in the pending motion seem to point in that direction. If I were to grant that motion (and again, I express no opinion in that regard at this time), I would likely give plaintiff the opportunity to amend its complaint, in order to rectify (if possible) any deficiencies. *See* Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) ("[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint"). Although plaintiff's time to amend as of right has expired under Rule 15(a)(1)(B), I may allow amendment *sua sponte*. *See* Town of Islip v. Datre, ___F. Supp.3d___, 2017 WL 1157188, *25 (E.D.N.Y. 2017) ("although the [plaintiff] has not specifically requested it, the Court may *sua sponte* grant leave to amend . . . . A district court's discretion to grant such leave is broad").

Therefore, to avoid a needless waste of time, if my recommendation to deny the pending motion is adopted by Judge Vilardo, I will grant plaintiff - if so inclined - leave to

amend the Complaint within 10 days of the adoption of this Report and Recommendation, in order to more fully address the arguments raised by defendant in the pending motion. Defendant may then respond to the pending or amended Complaint, either by answer or by motion.

Finally, plaintiff's request for Rule 11 sanctions should be denied, both because it is not made "separately from any other motion", as required by Rule 11(c)(2), and because plaintiff does not allege that it has complied with the "safe harbor" requirements of that subsection. *See* Fierro v. Gallucci, 423 Fed. App'x 17, 18-19 (2d Cir. 2011) ("the district court was required to deny plaintiffs' motion for sanctions for failure to comply with the 21–day 'safe harbor,' which requires Rule 11 motions to be served on the opposing party 21 days prior to their filing, in order to afford that party an opportunity to withdraw their allegedly sanctionable claims").

## CONCLUSION

For these reasons, I recommend that defendant's motion to dismiss [6] and plaintiff's request for sanctions both be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by May 1, 2017. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  April 17, 2017                                        /s/ Jeremiah J. McCarthy
                                                                                      JEREMIAH J. MCCARTHY
                                                                                       United States Magistrate Judge