UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SIT N' STAY PET SERVICES, INC.,   **REPORT AND RECOMMENDATION**

                Plaintiff,   17-CV-00116-LJV-JJM

v.

CARRIE HOFFMAN, d/b/a KELSEY'S
SIT AND STAY, d/b/a KELSEY'S SIT,
PLAY & STAY,

                Defendant.
_____

      Before the court is plaintiff's motion for monetary sanctions against defendant pursuant to Fed. R. Civ. P. ("Rule") 11 [18],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [7]. Having considered the parties' submissions on the pending motion [18, 24, 25], for the following reasons I recommend that the motion be denied.[2]

**BACKGROUND**

      On February 28, 2017 defendant moved pursuant to Rule 12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction [6]. On March 21, 2017 plaintiff filed a Memorandum of Law opposing the motion to dismiss and requesting Rule 11 sanctions. [9], pp. 20-21. On April 17, 2017 I issued a Report and Recommendation [12], recommending that

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     The Second Circuit is "evenly divided" on the question of whether a magistrate judge has authority to impose Rule 11 sanctions. *See* <u>Kiobel v. Millson</u>, 592 F.3d 78, 79 (2d Cir. 2010). Erring on the side of caution, I am proceeding by Report and Recommendation.

defendant's motion to dismiss be denied, and that plaintiff's request for sanctions likewise be denied for failure to comply with the "safe harbor" requirements of Rule 11(c)(2).

On May 1, 2017 defendant filed objections to my Report and Recommendation [13]. Plaintiff responded to those objections on May 20, 2017 [15]. On May 25, 2017, plaintiff's attorney mailed defendant's attorney a proposed motion for sanctions [18-2], stating that withdrawal of defendant's dismissal motion and objections to my Report and Recommendation within 21 days would prevent filing of the sanctions motion. Defendant refused to do so, and Judge Vilardo heard oral argument of defendant's objections on June 16, 2017 [17]. On September 5, 2017 he issued a Decision and Order [21] adopting my Report and Recommendation.

While "recogniz[ing] that sanctions are rare" (plaintiff's Memorandum of Law [18-1], p. 6), plaintiff argues that "the claims and defenses Defendant has advanced are so unnecessary, unwarranted and unsubstantiated by the facts and law that Plaintiff must seek redress for the effort and expense exacted to refute them". Plaintiff's Reply Memorandum of Law [25], p. 1. It seeks an award of its "legal fees incurred to defend the Motion [to dismiss], Objections to the Report and to prosecute this Motion". Plaintiff's Memorandum of Law [18-1], p. 20.

**DISCUSSION**

"Rule 11 sanctions are an extraordinary remedy, and a movant must therefore meet a high bar before sanctions are imposed on an adversary." Lotocky v. Elmira City School District, 102 F. Supp. 3d 455, 456 (W.D.N.Y. 2015). The fact that defendant's motion to dismiss did not prevail does not make it sanctionable. "When divining the point at which an argument

turns from merely losing to losing *and* sanctionable . . . district courts [must] resolve all doubts in favor of the signer." Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993). "The imposition of monetary sanctions is discouraged where conduct does not reach clear abuse", Utilisave, LLC v. Spark Energy, L.P., 2011 WL 2174855, *2 (E.D.N.Y. 2011), and I find no "clear abuse" by defendant in this case.

Moreover, "even when a district court finds a violation of Rule 11, the decision whether to impose a sanction for a Rule 11(b) violation is committed to the district court's discretion". Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012); *see also* Perez v. Posse Comitatus, 373 F.3d 321, 326 (2d Cir. 2004) ("courts are under no particular obligation to impose Rule 11 sanctions once a violation is found"). "District courts have wide discretion under Rule 11 because the district court has tasted the flavor of the litigation and is in the best position to make these determinations." G & T Terminal Packaging Co. v. Consolidated Rail Corp., 719 F. Supp. 153, 160 (S.D.N.Y. 1989).

Among the factors which the court may consider in exercising that discretion "is the behavior of the moving party". 5A Wright, Miller, *et al*., Federal Practice and Procedure (Civil), §1336.1 (3d ed.); Andretti v. Borla Performance Industries, Inc., 426 F.3d 824, 834 (6th Cir. 2005). If plaintiff truly believed that the motion to dismiss was frivolous, then its failure to earlier invoke the procedure of Rule 11(c)(2) is inexplicable, since "[c]ompliance with the 'safe harbor' provision is a mandatory prerequisite to Rule 11 sanctions". 2 Moore's Federal Practice, §11.22[1][b] (Matthew Bender 3d ed. 2017). Instead, plaintiff improperly requested sanctions in its Memorandum of Law opposing the motion to dismiss. [9], pp. 20-21. In fact, it did not serve a "safe harbor" notice until May 25, 2017, *after* it had already filed its opposition to the motion to dismiss and response to defendant's objections.

Moreover, while not completely foreclosed by Rule 11, the relief which plaintiff seeks - reimbursement of its legal expenses - "is the exception, not the rule". Moore's Federal Practice, §11.24[1]. "Rule 11 is not a fee-shifting statute. A movant under Rule 11 has no entitlement to fees or any other sanction." Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 553 (1991). *See also* Universitas Education, LLC v. Nova Group, Inc., 784 F.3d 99, 103 (2d Cir. 2015) ("the main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender"); Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 369 F.3d 91, 98 (2d Cir. 2004) ("Rule 11 is not a fee-shifting mechanism and does not create an entitlement to attorney's fees"); Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994) ("the principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party").

## CONCLUSION

For these reasons, I recommend that plaintiff's motion for sanctions [18] be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by November 13, 2017 . Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

   The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 27, 2017       /s/ Jeremiah J. McCarthy
               JEREMIAH J. MCCARTHY
               United States Magistrate Judge